[Cite as *State v. Nocera*, 2019-Ohio-2424.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2018CA00111 |
| | : | |
| DANIEL MICHAEL NOCERA | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County
Court of Common Pleas, Case
No. 2018CR0545

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      June 14, 2019

APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

JOHN D. FERRERO, JR.      AARON KOVALCHIK
STARK CO. PROSECUTOR      116 Cleveland Ave. N.W.
RONALD MARK CALDWELL      808 Courtyard Centre
110 Central Plaza South, Ste. 510      Canton, OH 44702
Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant Daniel Michael Nocera appeals from the July 5, 2018 Judgment Entry of the Stark County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3} Appellant was charged by indictment with one count of violation of a protection order pursuant to R.C. 2919.27(A)(2), a felony of the third degree [Count I]; one count of menacing by stalking pursuant to R.C. 2903.211(A)(1) and (B)(2)(g), a felony of the fourth degree [Count II]; and one count of telecommunications harassment pursuant to R.C. 2917.21(A)(1), a felony of the fifth degree [Count III].

{¶4} On May 23, 2018, appellant appeared before the trial court and changed his previously-entered pleas of not guilty to ones of guilty as charged in the indictment. The trial court deferred sentencing pending a pre-sentence investigation (P.S.I.).

{¶5} On June 27, 2018, appellant appeared for sentencing and the trial court suspended a 36-month prison term on the condition that appellant complete a 36-month period of community control. Appellant was ordered to, e.g., complete a term in a community-based corrections facility, complete drug and alcohol treatment, obtain employment, complete community service, and to have no contact with the victim.

{¶6}   Appellant now appeals from the trial court's July 5, 2018 Judgment Entry of conviction and sentence.

{¶7}   Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶8}   "APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

**ANALYSIS**

{¶9}   In his sole assignment of error, appellant argues he received ineffective assistance of counsel because the trial court suspended a jail term of 3 years instead of one year.  We disagree.

{¶10} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶11} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶12} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶13} On the record at the change-of-plea hearing, the trial court indicated appellant was subject to a potential prison sentence of up to 36 months upon Count I, up to 18 months upon Count II, and 6 to 12 months upon Count III. Appellant was further advised that those terms could be served concurrently or consecutively. Appellant stated affirmatively that he understood the potential penalties. He also executed a Crim.R. 11(C) plea form acknowledging those potential penalties and that he understood the rights he waived in entering the guilty pleas.

{¶14} At the sentencing hearing on June 27, 2018, the trial court stated it was in receipt of the P.S.I. and would sentence appellant to a community-control term of 36 months. The following statements were then made:

THE COURT: ****.

As indicated, going to be held for a bed at the Regional Correctional Facility. I remind you that the balance of 36 months will be imposed if you fail to comply or otherwise violate.

Do you understand that?

[APPELLANT:] Uh—

THE COURT: Do you understand that?

[APPELLANT:]  I thought it was a year.

(Private conversation held between Defense attorney and [appellant].)

THE COURT:  You mean that's being held?

[APPELLANT:]  Yeah.

THE COURT:  No. And that's—that really shouldn't be something you should worry about.

[APPELLANT:]  No, I'm not.

THE COURT:  Because you're not going to be back in front of me so it isn't going to matter, but if you do, then it's going to be 36 months.  We're not going to mess around.

Listen!  Be careful.

That will be all.

[DEFENSE TRIAL COUNSEL:]  Thank you, Your Honor.

T. 4-5.

{¶15} Appellant has framed his argument on appeal as one of ineffective assistance of counsel, although he summarily mentions that his plea was not knowing, intelligent, or voluntary because he expected to receive a suspended prison term of one year instead of three years.  Appellant has not offered any explanation why he believed only one year would be suspended.  Nor does he point to any support for his belief in the record.  Instead, he points to the exchange above with the trial court as evidence of the second *Strickland* prong of ineffective assistance: he would not have entered the guilty pleas and would have gone to

trial if he had known three years would be suspended instead of one. This self-serving statement is not supported by any evidence in the record.

{¶16} The conversation cited supra does not establish the circumstances surrounding appellant's decision to enter the pleas of guilty. Appellant does not make any claims about the conversation that he had with defense counsel off the record, and we observe that a claim requiring proof that exists outside of the trial record cannot appropriately be considered on a direct appeal. *State v. Hartman,* 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001) (if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal).

{¶17} Appellant alleges that but for the ineffectiveness of his attorney, he would not have pleaded guilty and would have insisted on going to trial. We find no evidence that appellant failed to knowingly, intelligently, and voluntarily enter his pleas. See, *State v. Congrove*, 5th Dist. Delaware No. 09 CAA 09 0080, 2010-Ohio-2933, ¶ 35. Nor do we find any evidence in support of appellant's argument of ineffective assistance of counsel. Appellant has not alleged any specific error by counsel, and has not established that but for counsel's ineffectiveness, he would not have entered the guilty pleas.

{¶18} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶19} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.